1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  JEFFREY SHIELDS, an individual, on              No.  2:15-CV-00754-KJM-EFB
    behalf of himself and all others similarly
12  situated,

13                  Plaintiff,                      ORDER

14          v.

15  AMERIGAS PROPANE, INC., a
    Pennsylvania corporation; and DOES 1
16  through 100, inclusive,

17                  Defendants.

18

19

20          Defendant AmeriGas Propane, Inc. (AmeriGas) seeks to transfer this action to the

21  Central District of California or, in the alternative, to dismiss the action under the "first-to-file"

22  rule.  Def.'s Mem. P. & A. Supp. Mot. Transfer (Mot.) at 1-2, ECF No. 7-1.  This matter is

23  decided without a hearing.  After considering the parties' arguments, the court GRANTS the

24  motion to transfer and DENIES AS MOOT the alternative motion to dismiss.

25  /////

26  /////

27  /////

28  /////

                                        1

I.     REQUEST FOR JUDICIAL NOTICE

       Defendant has requested the court take judicial notice of the First Amended Complaint in *Chavez v. AmeriGas Propane, Inc.,* Case No. CV13-05813-MMM (MANx) (C.D. Cal.), Judge Margaret Morrow's order denying class certification in *Chavez*, and the subsequent notification of settlement and Judge Morrow's order of dismissal.  Request for Judicial Notice '(RJN), ECF No. 8.  Plaintiff does not object.  As these documents are relevant to the instant motion, the court will take judicial notice of them.  *See United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (stating that a court may judicially notice proceedings in other courts if those proceedings have a direct relation to the matters at issue).

II.    RELEVANT BACKGROUND

       On June 28, 2013, counsel for John P. Chavez, Sr. filed a class action complaint in Los Angeles County Superior Court.  RJN, Ex. A.  The *Chavez* complaint alleged nine claims against AmeriGas for violations of the California Labor Code, Industrial Welfare Commission Wage Order, the California Business and Professions Code, and California's Private Attorney's General Act (PAGA).  *Id.* at 5-14.  Based on the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1332(d), AmeriGas removed *Chavez* to the federal district court for the Central District of California, where the parties conducted discovery and depositions, submitted briefing and evidence, and argued the issue of class certification before Judge Morrow.  Mot. at 3-4.

       In considering Chavez's motion for class certification, Judge Morrow concluded, "Given the predomination of substantial individual issues . . . a class action would be unmanageable . . . ."  RJN, Ex. D at 80-81.  Her 81-page order denying certification issued on February 11, 2015.  *Id.* at 81; Mot. at 4-5.  In her order, Judge Morrow declined to consider additional evidence presented in Chavez's reply to AmeriGas's opposition to class certification, because the evidence was filed two days after the court-ordered deadline and raised new theories of liability and disclosed new expert witnesses not previously deposed.  RJN, Ex. D at 7-8. Thereafter, AmeriGas reached a settlement with Chavez regarding his individual claims.  Mot. at 5.  Upon notification of the settlement, the Central District court dismissed Chavez's individual claims on May 15, 2015.  RJN, Exs. E, F.

On April 7, 2015, Chavez's attorneys filed a complaint substantially similar to the original *Chavez* class action in this district on behalf of new proposed class representative Jeffrey Shields.

Plaintiff Shields' complaint before this court alleges nine violations of California's wage and hour laws identical to those alleged in *Chavez*.  Compl., ECF No. 1; RJN, Ex. B.  Additionally, the complaint states a claim under the Fair Labor Standards Act (FLSA) that did not appear in the *Chavez* complaint, and does not include any claim under the PAGA.  *Id.*  Plaintiff's complaint proposes a putative class defined identically to that proposed in *Chavez*, though the instant complaint concerns defendant's facilities located in Nevada County, California, rather than in the County of Los Angeles.  *Id.*  As defendant notes in its motion, Jeffrey Shields was a putative class member in *Chavez*.  Mot. at 1.  With the exception of the FLSA claims, Compl. ¶¶ 13, 14, plaintiff Shields' prayer for relief is identical to the prayer appearing in the amended complaint in *Chavez*.  *Cf.* Compl. at 17-18 *with* RJN, Ex. B at 17-18.  In light of the similarities between the instant case and *Chavez*, and amid allegations of forum shopping by plaintiff and plaintiff's counsel, defendant filed a Notice of Related Cases, ECF No. 5, and a motion to transfer to the Central District based on 28 U.S.C. 1404(a).[1]  Mot. at 1.  Defendant argues that plaintiff's intent in filing his complaint in this district is to avoid the prior adverse ruling, and to submit to the court the evidence Judge Morrow deemed untimely and did not consider in denying class certification.  Plaintiff opposes, maintaining that the Eastern District is the proper venue, as it is both plaintiff's home district and a location where the alleged violations occurred.  Opp'n, ECF No. 9.  Defendant has replied.  ECF No. 10.

III.    LEGAL STANDARD

Under 28 U.S.C. § 1404(a), a transfer of venue may be granted "for the convenience of parties and witnesses, in the interest of justice," to any other district where the case might have been brought.  28 U.S.C. § 1404(a).  A motion to transfer under section 1404(a)

---

[1] Though defendant's notice of motion, ECF No. 7 at 1, states that the motion is brought under 28 U.S.C. § 1404(b), the court assumes this is an error.  The memorandum of points and authorities in support of the motion, ECF No. 7-1, and reply, ECF No. 10, consistently cite 28 U.S.C. § 1404(a) as the basis of the motion.  *See, e.g.*, Mot. at 1, 6; Reply at 1.

3

1   necessitates individualized consideration of the case facts.  *Stewart Org., Inc. v. Ricoh Corp.*,

2   487 U.S. 22, 29 (1988).  District courts are allotted discretion in determining whether transfer is

3   in the interest of "convenience and fairness."  *Id.* (quoting *Van Dusen v. Barrack*, 376 U.S. 612,

4   622 (1964)); *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979)

5   ("Weighing of the factors for and against transfer involves subtle considerations and is best left to

6   the discretion of the trial judge.").

7          The Ninth Circuit has identified factors by which a district court's analysis is most

8   appropriately guided, including: (1) the location where the relevant agreements were negotiated

9   and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice

10   of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the

11   plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the

12   two forums, (7) the availability of compulsory process to compel attendance of unwilling non-

13   party witnesses, and (8) the ease of access to sources of proof.  *Jones v. GNC Franchising, Inc.*,

14   21 F.3d 495, 498-99 (9th Cir. 2000) (citing *Stewart Org., Inc.*, 487 U.S. at 29).  Additionally, the

15   court must weigh "public factors."  *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d

16   834, 843 (9th Cir. 1986) (discussing "public factors" and "all other practical problems that make

17   trial of a case easy, expeditious, and inexpensive").  Public factors refer to the "interests of

18   justice" based on consideration of the relative degrees of court congestion, the local interest in

19   deciding local controversies, potential conflict of laws, burdening citizens of an unrelated forum

20   with jury duty, and the conservation of judicial resources.  *Id.*; *Savage*, 611 F.2d at 279.  It is

21   defendant's burden to make "a strong showing of inconvenience to warrant upsetting the

22   plaintiff's choice [of forum]."  *Decker*, 805 F.2d at 843; *see Safarian v. Maserati N. Am., Inc.*,

23   559 F. Supp. 2d 1068, 1071 (N.D. Cal. 2008) ("Once the court determines that venue is proper,

24   the movant must present strong grounds for transferring the action . . . .").  As explained below,

25   the court finds defendant has met this burden.

26   /////

27   /////

28   /////

4

IV.    DISCUSSION

    A.    Motion to Transfer

        1    Venue in the Transferee and Transferor Courts

Here, the threshold question is whether, under 28 U.S.C. § 1404(a), this action could have been properly brought in the Central District of California.  Defendant maintains offices and conducts business in 42 retail locations throughout the state and members of the putative class are similarly dispersed.  Opp'n at 1; *see id.*, Ex. A.  Additionally, this district and the Central District have subject matter jurisdiction on the basis of the CAFA and diversity of citizenship.  Compl. ¶ 1.  Venue is therefore proper in both districts.  The court thus turns to the factors set forth in *Jones*.

        2    Convenience/ "Private Factors"

            a)    Location of the Relevant Agreements

The employment agreements and contracts in this case are related to plaintiff's employment as a driver and/or delivery representative at facilities in Nevada County, California, located in the Eastern District.  Compl. ¶ 3.  However, plaintiff asserts allegations on behalf of himself and all other similarly situated AmeriGas employees not just in Nevada County, but throughout the State of California.  *Id.* ¶ 4.  This factor is neutral.

            b)  Governing Law

As both the Central and Eastern Districts are equally able to apply federal law, and are equally familiar with California law for the purposes of the state law claims, this factor is neutral.

            c)  Choice of Forum

Defendant argues the "first-to-file" rule also supports the motion to transfer.  However, the rule is inapplicable here because the previously filed *Chavez* action has recently been dismissed.  *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1293-94 (N.D. Cal. 2013) (finding first-to-file rule inapplicable where previous action had been dismissed).

1             Defendant also points to case law saying that "[w]hen an individual brings a

2 derivative suit or represents a class, the named plaintiff's choice of forum is given less weight."

3 Mot. at 13; *see Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).  Here, however, the instant

4 action is distinguishable from *Lou* and defendant's reliance on that case is unavailing.  In *Lou,* the

5 class representative's choice of forum was entitled to less weight because "the operative facts

6 [had] not occurred within the forum and the forum [had] no interest in the parties or subject

7 matter."  *Lou*, 834 F.2d at 739.  Here, Shields was employed by AmeriGas at its facilities in

8 Truckee and Grass Valley, both located in the Eastern District, and Shields resides in the Eastern

9 District.  Shields Decl. ¶ 4, ECF No. 9-3. At the same time, Shields is but one plaintiff among

10 many.  In such cases, a plaintiff's choice of forum is given less weight because hundreds of

11 potential class members reside elsewhere.  *See Williams v. WinCo Foods, LLC*, No. CV-02690,

12 2013 WL 211246, at *3 (E.D. Cal. Jan. 10, 2013).  *WinCo*, a factually similar case, the plaintiff's

13 choice of forum was entitled to less deference because "plaintiffs' attorneys brought an

14 essentially identical action in another forum on behalf of essentially identical plaintiffs and

15 interests."  *Id.*  The same is true here.

16             Defendant further argues that plaintiff's filing in the Eastern District is an attempt

17 to avoid Judge Morrow.  Mot. at 2.  "Judge shopping, like forum shopping, may be a factor for

18 the Court to consider when determining whether the motion to change venue should be granted."

19 *Tittl v. Hilton Worldwide, Inc.*, No. 1:12-CV-02040-LJO, 2013 WL 1087730, at *8 (E.D. Cal.

20 Mar. 14, 2013).  If plaintiff is seeking a new judge, defendant also has reasons to reverse-forum

21 shop and be heard before a judge that has once ruled in its favor.  *See Ryan v. Gencor Nutrients,*

22 *Inc.*, No. C14-05682 JSW, 2015 WL 729868, at *5 (N.D. Cal. Feb. 19, 2015) (where Central

23 District judge had previously issued ruling favorable to defendants, defendants' motion to transfer

24 to that district suggested they "are engaged in forum shopping as well").  Here, the record

25 supports an equal likelihood of forum and/or judge shopping by both parties, weighing neither for

26 nor against transfer.  *See Tittl*, 2013 WL 1087730, at *8 (ruling that, "in light of what the court

27 finds is an attempt at judge shopping – likely by both parties – this factor is neutral").

28

On balance, plaintiff's choice of forum is given less weight because he is a proposed class representative and has reason to forum shop.  Given the defendant's interest in the Central District forum, however, the court considers this factor neutral.

### d)  Contacts with the Forum

AmeriGas employs putative class members in both the Central and Eastern Districts.  Defendant does not argue that either district lacks sufficient contacts with plaintiff's claims.  *See* Mot. at  8-10 (arguing transfer based on convenience, judicial economy, and avoidance of forum shopping, but not forum contacts).  The fact that plaintiff resides in the Eastern District and his complaint alleges conduct specifically occurring at defendant's Truckee and Grass Valley locations weighs against transfer.

### e)  Convenience of Parties and Witnesses

"Venue is primarily a matter of convenience of litigants and witnesses."  *Denver & R.G.W.R. Co. v. Bhd. of R.R. Trainmen*, 387 U.S. 556, 560 (1967).  To demonstrate inconvenience to witnesses, the moving party should produce information regarding the identity and location of the witnesses, the content of their testimony, and why such testimony is relevant to the action.  *Steelcase, Inc. v. Haworth*, 41 U.S.P.Q. 2d 1468, 1470 (C.D. Cal. 1996).  Defendant's motion does not make clear how litigating in the Eastern District is inconvenient for the relevant parties and witnesses.  Contrary to defendant's contention that "a larger volume of the putative class members reside in the Central District," it appears that roughly fifty percent of the proposed class members are in the Eastern District, while only twenty-two percent are in the Central District.  Mot. at 7; *see* Matern Declaration, Ex. A[2].  Defendant also argues that requiring its corporate representatives to travel to the Eastern District would be burdensome, but given that out-of-state corporate representatives testified in *Chavez*, this court is skeptical that the Eastern District constitutes a more burdensome venue for the defense.  *See* Opp'n at 7; Matern Declaration ¶¶ 6, 7, 8.  Given the information before the court, the convenience of parties and witnesses weighs against transfer to the Central District.

---

[2] The court calculated these percentages based on Exhibit A to the Matern Declaration, a list of putative class members' residences.  Defendant did not dispute the accuracy of this exhibit.

1                 f)   Differences in the Costs of Litigation

2            All of the attorneys, including plaintiff's attorney, reside in the Central District.

3 Though convenience to counsel is not considered in this analysis, *In re Zimmer Holdings, Inc.,*

4 609 F.3d 1378, 1381 (Fed. Cir. 2010) (applying similar Fifth Circuit factors), attorneys' fees and

5 costs are relevant to the question of litigation costs because they are borne by the parties.  *See Los*

6 *Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 501 (C.D. Cal. 1981),

7 *aff'd*, 726 F.2d 1381 (9th Cir. 1984); *see also Seely v. Cumberland Packing Corp.*, No. 10-CV-

8 02019-LHK, 2010 WL 5300923, at *5 (N.D. Cal. Dec. 20, 2010) (making this distinction and

9 considering costs); *Morgan v. Healthcare Cost Containment United Ass'n, Inc.*, No. 1:14-CV-

10 01721-MCE, 2015 WL 3912403, at *3 (E.D. Cal. June 25, 2015).  Though some costs for

11 depositions would be required in either district, the costs of litigation would be lower if this case

12 were litigated in the district where the attorneys reside.  This factor favors transfer.

13                 g)   Ease of Access to Sources of Proof

14            Because this is an employment action, the sources of proof lie where class

15 members worked for defendant.  Putative class members are broadly dispersed across the state,

16 not just in the Central and Eastern Districts, but in the Northern and Southern Districts as well.

17 *See* Opp'n, Ex. A.  Indeed, the percentage of class members in the Northern District is nearly the

18 same as that in the Central District.  *Id.*  This factor is neutral.

19                 3   Interests of Justice/ "Public Factors"

20            As noted above, motions to transfer under section 1404(a) are highly discretionary

21 and case-specific. *See Badea v. Cox*, 931 F.2d 573, 575 (9th Cir. 1991); *Wireless Consumers*

22 *Alliance, Inc. v. T-Mobile USA, Inc.*, No. C 03-3711, 2003 WL 22387598, at *5 (N.D. Cal. Oct.

23 14, 2003) ("The question of which forum will better serve the interest of justice is of predominant

24 importance on the question of transfer, and the factors involving convenience of parties and

25 witnesses are in fact subordinate.").  Here, the court finds the interests of justice strongly favor

26 transfer for the reasons reviewed below.

27 /////

28 /////

1              a)        Docket Congestion

2          Although the Central and Eastern Districts both have heavy caseloads, the Eastern

3    District has consistently carried one of the highest weighted caseloads per judge in the nation, in

4    the face of population and caseload increases without a corresponding increase in judgeships.  *See*

5    *Parker v. FedEx Nat., Inc.*, No. 10-cv-1357, 2010 WL 5113809, at \*4 (E.D. Cal. Dec. 9, 2010).

6    On its own motion, the court takes judicial notice of publicly available Federal Court

7    Management Statistics published by the Administrative Office of the Courts.  *See* Administrative

8    Office of the Courts, Federal Court Management Statistics March 2015: District Courts, *available*

9    *at* http://www.uscourts.gov/statistics-reports/federal-court-management-statistics-march-2015.

10   Those statistics reflect not only this court's caseload burden, but also its high productivity rating.

11   Even with this district's productivity, in civil cases, for the twelve-month period ending March

12   31, 2015, the median time from filing to disposition was 8.5 months.  In the Central District in the

13   same time period, it was 5.4 months.  This factor weighs slightly in favor of transfer although it is

14   by no means dispositive.

15             b)       Conservation of Judicial Resources

16         Though no controlling authority requires this court to weigh any one factor more

17   heavily than another, in this case the court finds judicial economy compelling.  The court agrees

18   that the instant case will require consideration of many of the issues considered in *Chavez*, not the

19   least of which is the motion for class certification.  Mot. at 11.  "Judicial resources are conserved

20   when an action is adjudicated by a court that has already 'committed judicial resources to the

21   contested issues and is familiar with the facts of the case.'"  *Gatdula v. CRST Int'l, Inc.*, No. 2:10-

22   58, 2011 WL 445798, at \*3 (E.D. Cal. Feb. 8, 2011) (quoting *Madani v. Shell Oil Co.*, No. C07-

23   04296, 2008 WL 268986, at \*2 (N.D. Cal. Jan. 30, 2008)).  In this district, courts have often

24   found that the "factor that overwhelms all others . . . is the need to avoid duplication of judicial

25   effort."  *Adamov v. PricewaterhouseCoopers, LLP*, No. 13-1222, 2013 WL 5773289, at \*2 (E.D.

26   Cal. Oct. 24, 2013).

27         *Chavez* was dismissed on May 15, 2015; transfer will therefore not achieve

28   consolidation.  Opp'n at 8.  However, courts have allowed transfer even where consolidation was

1    unfeasible.  *See A.J. Indus., Inc. v. U.S. Dist. Court for Cent. Dist. of California*, 503 F.2d 384,

2    389 (9th Cir. 1974) (stating that "[t]o hold that the pendency of an action . . . could not be

3    considered unless the action could be consolidated would unnecessarily limit the factors that

4    should be considered in making a transfer determination").  "All that is required is the possible

5    consolidation of discovery or witness testimony, whereas actual consolidation of the cases is not

6    necessary."  *Wireless Consumers Alliance*, 2003 WL 22387598, at *4.  Here, the wage and hour

7    claims previously alleged and litigated in *Chavez* are nearly identical to those in the instant case,

8    and the discovery and witness testimony conducted in *Chavez* remain applicable.

9                According to Central District Local Rule 83-1.2.2, Judge Morrow would preside

10   over this case upon transfer.  That rule provides that where, as here, "an action is dismissed . . . by

11   the Court before judgment and thereafter the same or essentially the same claims involving the

12   same or essentially the same parties, are alleged in another action, the later-filed action shall be

13   assigned to the judge to whom the first-filed action was assigned."  C.D. Cal. L.R. 83-1.2.2.

14   Judge Morrow's ruling on class certification in *Chavez* after presiding over that case for nearly

15   two years evidences a depth of familiarity with the subject matter implicated by this case that the

16   court cannot overlook.  *See* RJN, Ex D.  Judge Morrow's having declined to consider Chavez's

17   untimely evidence does not weigh against transfer.  Even if, as plaintiff argues, that evidence will

18   have to be heard in the instant case regardless of the venue, Judge Morrow's past decisions do not

19   bind her in deciding this plaintiff's case anew.  Consideration by the judicial officer already well-

20   versed in the factual and legal underpinnings will ensure a speedier and fully informed resolution.

21   *See Ryan*, 2015 WL 729868, at *5 (defendants' strongest argument for transfer was transferee

22   judge's familiarity with previously filed related case); *Albertson v. Monumental Life Ins. Co.*,

23   2009 WL 3870301 (N.D. Cal. Nov. 16, 2009) (great weight given to the fact that judge in

24   Southern District had spent considerable time on earlier case, having carried it for a year);

25   *Gatdula*, 2011 WL 445798, at *3 (E.D. Cal. Feb. 8, 2011) (granting motion to transfer FLSA case

26   because transferee judge was familiar with defendant's compensation system and had decided

27   motions for class certification in previous case).

28

c)      Judicial Comity

The U.S. Supreme Court has opined that federal courts should "apply principles of comity to each other's class certification decisions when addressing a common dispute." *Smith v. Bayer Corp.*, __ U.S. __, 131 S. Ct. 2368, 2382 (2011).  Though *Bayer* considered a motion to stay, comity principles apply equally to motions to transfer.  *See WinCo*, 2013 WL 211246, at *8.

In sum, the interests of justice support the court's grant of the motion to transfer.

V.      <u>CONCLUSION</u>

Both public and private factors weigh in favor of transfer.  Defendant's motion to transfer to the Central District of California is GRANTED.  The motion to dismiss is DENIED AS MOOT.

IT IS SO ORDERED.

DATED:  September 14, 2015.


_____
UNITED STATES DISTRICT JUDGE