1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

11

FOR THE CENTRAL DISTRICT OF CALIFORNIA

12

13
JEFFREY SHIELDS, an individual, on behalf of himself and all others similarly situated,

Case No. CV15-7245-GW(PJWx)

14
15
Plaintiff,

**ORDER RE: STIPULATION FOR ENTRY OF PROTECTIVE ORDER**

16
vs.

17
AMERIGAS PROPANE, INC., a Pennsylvania corporation; and DOES 1 through 100, inclusive,
18
Defendants.
19
20
21
22
23
24
25
26
27
28

[PROPOSED] ORDER
CASE NO. CV15-7245-GW(PJWx)

DB2/ 30100615.1

# I. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; the Central District of California's Local Rules, including Local Rule 79-5, set forth the procedures that must be followed when a party seeks permission from the court to file material under seal.

# II. DEFINITIONS

2.1   Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including, but not limited to, the names and contact information for putative class members.

2.3   Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4   Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5   Disclosure or Discovery Material:  all items or information, regardless

of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7    House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9    Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10   Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13   Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

[PROPOSED] ORDER
CASE NO. CV15-7245-GW(PJWX)

DB2/ 30100615.1

### III. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

### IV. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

### V. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

Each Party or Non-Party that designates information or items for protection

under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this

DB2/ 30100615.1

Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, unless the Parties jointly agree on the record to an alternative timeframe for such designations, or otherwise are ordered by the Court.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3  <u>Inadvertent Failures to Designate</u>.  If timely corrected after discovery, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VI. <u>CHALLENGING CONFIDENTIALITY DESIGNATION</u>

6.1  If any Party objects to the designation of any Protected Material as "CONFIDENTIAL," the Receiving Party may request in writing that the Designating Party removesuch designation.  The written request shall specifically identify the precise material or information at issue.

6.2  The Designating Party shall respond in writing within seven (7)

business days of the receipt of the written request, or within such other time as may be designated by Order of the Court or agreement of the parties.  If the Designating Party refuses to remove the "CONFIDENTIAL" designation, the Designating Party's written response shall state the reasons for such refusal.  Notwithstanding the foregoing, failure to provide a timely written response shall be deemed a refusal of the request.

   6.3 If the Designating Party fails to respond to a request or refuses to remove the "CONFIDENTIAL" designation, the Receiving Party shall have twenty (20) days from the date the objecting party received the Designating Party's refusal (or, in the case of failure to respond, twenty (20) days from the date such response would have been due) to file an appropriate motion or application challenging the designation with the Court.  It shall be the burden of the Designating Party to establish that the designated information is "CONFIDENTIAL" within the meaning of this Protective Order or otherwise should be subject thereto.  In the event of such a motion or application, the material at issue may be submitted to the Court for an *in camera* inspection.

   6.4 All Protected Material designated as "CONFIDENTIAL" hereunder shall be given the full protection of this Protective Order unless and until the Court enters an Order changing the designation or modifying or terminating this Protective Order.

## VII. ACCESS TO AND USE OF PROTECTED MATERIAL

  7.1 Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Names and Contact Information of Putative Class Members.  With respect to the names and contact information of putative class members produced subject to this Protective Order, and designated as "CONFIDENTIAL," the following shall apply:

(a)     Plaintiff's counsel shall maintain the names and contact information of the putative class members as private and confidential;

(b)     Plaintiff's counsel agrees not to use the names and contact information of the putative class members to solicit or cause another to solicit any of the putative class members to assert any new claim, charge, or complaint of any kind whatsoever against Defendant or for any other purpose other than for the limited purpose of : (i) seeking information relevant to class certification issues, (ii) Plaintiff's claims as set forth in the First Amended Complaint, and/or (iii) Defendant's defenses to Plaintiff's claims as set forth in Plaintiff's First Amended Complaint.

(c)     The names and contact information of the putative class members shall not be disclosed by Plaintiff or his counsel to any other person except the following:  (a) the legal, clerical, paralegal, or other staff of Plaintiff's counsel, who will abide by the terms of this Order; (b) persons retained by Plaintiff's counsel to furnish expert or consulting services or advice in this action, who will abide by the terms of this Stipulation as set forth in Paragraph 7.3; and (c) the Court and the Court's staff.  The Parties agree that this paragraph, rather than Paragraph 7.3, shall apply to the disclosure of the names and contact information of the putative class members.

7.3     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, or

as separately set forth in Paragraph 7.2, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

(e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

## VIII. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

[PROPOSED] ORDER
CASE NO. CV15-7245-GW(PJWX)

DB2/ 30100615.1

(a)  promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## IX. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-

Party that some or all of the information requested is subject
to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated
Protective Order in this litigation, the relevant discovery
request(s), and a reasonably specific description of the
information requested; and

(3) make the information requested available for inspection by
the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this
court within 14 days of receiving the notice and accompanying information, the
Receiving Party may produce the Non-Party's confidential information responsive
to the discovery request.  If the Non-Party timely seeks a protective order, the
Receiving Party shall not produce any information in its possession or control that
is subject to the confidentiality agreement with the Non-Party before a
determination by the court.  Absent a court order to the contrary, the Non-Party
shall bear the burden and expense of seeking protection in this court of its Protected
Material.

## X. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
Protected Material to any person or in any circumstance not authorized under this
Stipulated Protective Order, the Receiving Party must immediately (a) notify in
writing the Designating Party of the unauthorized disclosures, (b) use its best
efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the
person or persons to whom unauthorized disclosures were made of all the terms of
this Order, and (d) request such person or persons to execute the "Acknowledgment
and Agreement to Be Bound" that is attached hereto as Exhibit A.

[PROPOSED] ORDER
CASE NO. CV15-7245-GW(PJWX)

DB2/ 30100615.1

1

## XI. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

2

3       When a Producing Party gives notice to Receiving Parties that certain

4   inadvertently produced material is subject to a claim of privilege or other

5   protection, the obligations of the Receiving Parties are those set forth in Federal

6   Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify

7   whatever procedure may be established in an e-discovery order that provides for

8   production without prior privilege review.  Pursuant to Federal Rule of Evidence

9   502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure

10  of a communication or information covered by the attorney-client privilege or work

11  product protection, the parties may incorporate their agreement in the stipulated

12  protective order submitted to the court.

## XII. <u>USE OF DOCUMENTS FROM THE *CHAVEZ* ACTION</u>

13

14      12.1   Plaintiff has sought documents in this action, many of which

15  AmeriGas previously produced to counsel for Plaintiff in a separate action –

16  *Chavez v. AmeriGas Propane, Inc.,* U.S.D.C. Case No. CV13-05813-

17  MMM(MANx).  Some of those documents were previously designated as

18  "CONFIDENTIAL" and subject to a Stipulated Protective Order in the *Chavez*

19  action.  Both counsel for Plaintiff and counsel for Defendant are the same counsel

20  in this action as in *Chavez*.  Thus, documents from the *Chavez* action are currently

21  in the possession of counsel for the Parties in this action.

22      12.2   The Parties agree that either Party may use documents produced by

23  AmeriGas in the *Chavez* action in this action so long as those documents (a) are

24  relevant to the subject matter of the instant action, (b) responsive to a discovery

25  request propounded in this action, and (b) relate to the time period on or after April

26  7, 2011.  Nothing in this Protective Order otherwise modifies the Protective Order

27  in the *Chavez* litigation.

28

[PROPOSED] ORDER
CASE NO. CV15-7245-GW(PJWX)

DB2/ 30100615.1

1

# XIII. MISCELLANEOUS

2

    13.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any

3

person to seek its modification by the court in the future.

4

    13.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this

5

Protective Order, no Party waives any right it otherwise would have to object to

6

disclosing or producing any information or item on any ground not addressed in

7

this Stipulated Protective Order.  Similarly, no Party waives any right to object on

8

any ground to use in evidence of any of the material covered by this Protective

9

Order.

10

    13.3   <u>Filing Protected Material</u>. Without written permission from the

11

Designating Party or a court order secured after appropriate notice to all interested

12

persons, a Party may not file in the public record in this action any Protected

13

Material.  If the Party seeking to file papers containing information or materials

14

designated "CONFIDENTIAL" is not the Designating Party of those materials, the

15

Party must first file and serve an application to file under seal and proposed order in

16

accordance with Local Rule 79-5.

17

    13.4   <u>Jurisdiction</u>.   The Central District of California shall retain jurisdiction

18

to enforce the terms and conditions of this Protective Order, even after the final

19

disposition of this action, as defined in paragraph 4.

20

# XIV. FINAL DISPOSITION

21

    Within 60 days after the final disposition of this action, as defined in

22

paragraph 4, each Receiving Party must return all Protected Material to the

23

Producing Party or destroy such material.  As used in this subdivision, "all

24

Protected Material" includes all copies, abstracts, compilations, summaries, and any

25

other format reproducing or capturing any of the Protected Material.  Whether the

26

Protected Material is returned or destroyed, the Receiving Party must submit a

27

written certification to the Producing Party (and, if not the same person or entity, to

28

the Designating Party) by the 60-day deadline that (1) identifies (by category,

13

DB2/ 30100615.1

where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).


For Good Cause Shown,

**IT IS SO ORDERED.**

DATED: April 5, 2016

HONORABLE PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

[PROPOSED] ORDER
CASE NO. CV15-7245-GW(PJWX)

DB2/ 30100615.1

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name] declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Jeffrey Shields, et al. v. AmeriGas Propane, Inc.*, Case No. 15-CV-7245-GW(PJWx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed:

_____

Printed name: _____

Signature: _____

[PROPOSED] ORDER
CASE NO. CV15-7245-GW(PJWX)

DB2/ 30100615.1