JS-6

IN UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JEFFREY SHIELDS, an individual; JESSE SINETOS, an individual, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERIGAS PROPANE, INC., a Pennsylvania corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. CV15-7245-GW(PJWx)<br><br>**JUDGMENT**<br><br>Date: July 31, 2017<br>Time: 8:30 a.m.<br>Courtroom: 9D<br>Judge: Hon. George H. Wu |

1      This matter came on for hearing upon the application of Plaintiff Jesse
2 Sinetos for approval of the settlement set forth in the Stipulation Re: Settlement of
3 Class and Collective Actions in this matter.  Due and adequate notice having been
4 given to the Class, and the Court having considered the Stipulation, all papers filed
5 and proceedings had herein, and all oral and written comments received regarding
6 the proposed settlement, and having reviewed the record in this litigation, and good
7 cause appearing for issuance of this order,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. The Court, for purposes of this Judgment, adopts all defined terms as set forth in the Stipulation Re: Settlement of Class and Collective Actions ("Stipulation") filed in this case.

2. The Court has jurisdiction over the subject matter of the Litigation and the Class Representative, the Members of the Class, and AmeriGas.

3. The Court finds that the distribution of the Notice as provided for in the Order Granting Preliminary Approval and Settlement Hearing constituted the best notice practicable under the circumstances to all Persons within the definition of the Class, and fully met the requirements of due process under the United States Constitution and California law.  Based on evidence and other material submitted in conjunction with the Settlement Hearing, the actual notices to the Class were adequate.  The Court further finds that AmeriGas has satisfied the requirements of notice to pertinent government agencies set forth in the federal Class Action Fairness Act of 2005.

4. The Court finds that the Litigation presented a good faith dispute over the payment of wages, and the Court finds in favor of settlement approval.

5. The Court approves the settlement of the above-captioned action, as set forth in the Stipulation, including the releases and other terms set forth in the Stipulation, as fair, just, reasonable, and adequate as to the Settling Parties.  The

Settling Parties are directed to perform in accordance with the terms set forth in the Stipulation. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

6. The following Persons (identified in the Declaration of Amanda Myette for Rust Consulting, Inc.) who have validly and timely requested exclusion from the Class shall not be bound by the terms of this Judgment: Jason A. Ross; Crescencio Avila; Frank B. Dyar; Tracey A. Cook; Lawrence M. Martinez; and Michael Norman.

7. Solely for purposes of effectuating this settlement, this Court has certified a class consisting of all Class Members, as that term is defined in the Stipulation, and the Court deems this definition sufficient for purposes of due process and Rule 23, Fed. R. Civ. P.

8. For purposes of approving this settlement only, this Court finds and concludes that: (a) the Members of the Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Class, and there is a well-defined community of interest among Members of the Class with respect to the subject matter of the Litigation; (c) the claims of the Class Representative are typical of the claims of the Members of the Class; (d) the Class Representative has fairly and adequately protected the interests of the Members of the Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) Class Counsel are qualified to serve as counsel for the plaintiff in his individual and representative capacities and for the Class.

9. For purposes of approving this settlement only, this Court finds and concludes that the Class meets the requirements for certification as a collective action class under 29 U.S.C. § 216(b) because the Class Members are similarly situated.

10. By this Judgment, subject to the occurrence of the Effective Date as defined in the Stipulation, the Class Representative shall release, relinquish, and discharge, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims).

11. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of AmeriGas; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of AmeriGas in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. In the event that the Effective Date does not occur, AmeriGas shall not be estopped or otherwise precluded from contesting class or collective action certification in the Litigation on any grounds. AmeriGas may file the Stipulation and/or the Judgment from the Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. The only Class Members entitled to payment pursuant to this Judgment are Participating Claimants. The funds associated with any checks that are not properly or timely negotiated within ninety (90) days from the date of mailing shall be deposited by the Claims Administrator into the State of California Department of Industrial Relations Unclaimed Wages Fund with the identity of the Participating Claimants to whom the funds belong. Participating Claimants who fail to negotiate their settlement checks in a timely fashion shall remain subject to the terms of this Judgment.

1        13.    As contemplated by the Stipulation, Class Counsel have filed a motion for approval of certain fees, costs, and enhancement payments, and the Court has approved the following payments: (a) attorneys' fees payable to Class Counsel in this matter in the amount of $298,500.00 (30% of the Maximum Settlement Amount); (b) allowable costs in this matter in the amount of $55,000.00; (c) enhancement awards of $10,000.00 each to the Class Representative Jesse Sinetos and to the estate of former Class Representative Jeffrey Shields to reimburse them for their unique services and execution of general releases; (d) fees and costs in the amount of $25,000.00 to Rust Consulting, Inc. for claims administration services; and (e) $15,000.00 to the California Labor and Workforce Development Agency for the release of claims arising under the Private Attorneys General Act of 2004, Labor Code § 2698 *et seq*. The Court finds that such amounts, and AmeriGas's agreement to pay such amounts, are fair and reasonable. AmeriGas, itself or through the Claims Administrator, is directed to make such payments out of the Maximum Settlement Amount in accordance with the terms of the Stipulation.

        14.    The Court reserves exclusive and continuing jurisdiction over the Litigation, the Class Representative, the Class, and AmeriGas for the purposes of supervising the implementation, enforcement, construction, administration and interpretation of the Stipulation and this Judgment.

        15.    This document shall constitute a judgment for purposes of Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

DATED: August 2, 2017

*[signature: George H. Wu]*

_____
The Honorable George H. Wu
United States District Court Judge